UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                   **DECISION AND ORDER**
                                                          10-CR-239S (5)

DeMARIO STEWART,

                         Defendant.

Presently before this Court is Defendant DeMario Stewart's second pro se motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A), which the government opposes.[1] (Docket Nos. 885, 887, 889.) This Court denied Stewart's first motion on January 26, 2021. See United States v. Stewart, 10-CR-239S (5), 2021 WL 248006 (W.D.N.Y. Jan. 26, 2021). Familiarity with that decision is presumed. For the reasons discussed below, Stewart's motion is denied.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has

---

[1] Stewart also requests appointment of counsel and a hearing. (Motion for Compassionate Release, Docket No. 885, p. 2.) There is, however, no right to counsel for collateral attacks on a conviction or sentence, such as a motion for compassionate release. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Moreover, Stewart has failed to demonstrate that the interests of justice require the appointment of counsel, for example, that he has a reasonable likelihood of succeeding on the merits. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985). And Stewart has further failed to demonstrate the need for a hearing. Consequently, both requests are denied.

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The

1

> been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020).

In Stewart's first motion for compassionate release, this Court found that Stewart had demonstrated extraordinary and compelling reasons for a sentence reduction because his obesity made him particularly susceptible to severe illness from COVID-19 and Fort Dix was, at that time, having difficulty controlling the spread of the virus. See Stewart, 2021 WL 248006, at *5-7. But ultimately this Court denied Stewart's motion on the basis that the § 3553 (a) factors and Stewart's dangerousness counseled against granting relief. See id. at *7-8.

In his present motion, Stewart once again argues that there exist extraordinary and compelling reasons for a sentence reduction. He contends that his medical conditions

---

previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

continue to make him highly susceptible to serious illness from COVID-19 (despite having been vaccinated against it) and that Fort Dix remains unable to effectively contain the virus (despite there being only 4 positive inmate cases[3] at the time of this writing). He further argues that the length of his time served, the harsh conditions of his confinement during the pandemic, and his rehabilitation, singly and in combination, warrant relief under the statute. But even assuming that Stewart continues to demonstrate extraordinary and compelling reasons for a sentence reduction, nothing in Stewart's present motion changes this Court's previous calculus of the § 3553 (a) factors or reduces in any way the risk of danger to any person or the community that Stewart poses if released. See Stewart, 2021 WL 248006, at *7-8.

The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a).

This Court previously found that consideration of these factors required denial of Stewart's motion. As to the nature of the offense and characteristics of the defendant, this Court explained that Stewart is a drug-trafficker and murderer who, together with his criminal associates, used intimidation and violence to protect their significant criminal activities and territory, to include Stewart's murder of Brandon Haugabook. See Stewart, 2021 WL 248006, at *7. As to the needs of the sentence, this Court found that the 216-

---

[3] See https://www.bop.gov/coronavirus/covid19_statistics.html (last visited March 29, 2023).

month sentence imposed pursuant to Rule 11 (c)(1)(C) was fair, just, and reasonable, and that any reduction of that sentence would severely undermine it.  See id.  And it further found that a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by Stewart.  See id.  While this Court has considered that Stewart has now served additional time and may have further rehabilitated himself, nothing in his present motion changes this Court's findings above.  Thus, consideration of the § 3553 (a) factors continues to outweigh any extraordinary and compelling reasons for a sentence reduction.

Moreover, there has been no reduction in the danger that Stewart poses if released.  As explained in this Court's previous decision, in addition to murdering Haugabook, Stewart shot at other rival gang members while in their territory and separately shot at a car while guarding a drug house.  See id. at *8.  He also participated in the general violence and intimidation that he and his confederates used to control their territory.  So while any rehabilitative steps Stewart has taken deserve credit, they do not sufficiently ameliorate the serious risk of danger that he poses to the community if released.

Finally, the government rightly notes that Stewart's present motion must be denied on the additional basis that he has not established administrative exhaustion.  See Government Response, Docket No. 887, p. 3.  The statutory exhaustion requirement is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government.  See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam).  If invoked, however, the exhaustion requirement must be enforced because it is

a mandatory claim-processing rule.  See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020).  Here, the government invokes the exhaustion requirement, and Stewart has presented no evidence establishing proper exhaustion.  Denial of his motion is thus required on this independent ground as well.

Consequently, for the reasons stated above, this Court finds that Stewart's second motion for compassionate release must be denied for failure to exhaust administrative rights, and that even assuming proper exhaustion, compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted.  Stewart's motion will therefore be denied in its entirety.

IT HEREBY IS ORDERED, that Stewart's Motion for Compassionate Release (Docket No. 885) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Stewart at his correctional institution of record.

SO ORDERED.

Dated:      March 29, 2023
            Buffalo, New York

                                             s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge